IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

MANUEL ZHUZHINGO ROCHE PETITIONER
A 222-572-299

VS. CIVIL ACTION NO.5:26-CV-569-DCB-BWR

WARDEN, Adams County Correctional Center, et al. RESPONDENTS

ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Report") [ECF No. 13] of the United States Magistrate Judge entered herein on September 30, 2026, in this action brought pursuant to 28 U.S.C. § 2241. Zhuzhingo Roche, a native and citizen of Ecuador, challenged the duration of his detention during his removal proceedings under the Immigration and Nationality Act. Pet. [ECF No. 1] at 1. In the Report, Judge Rath recommended that the Petition be dismissed as moot because Zhuzhingo Roche has been removed from the United States.

Petitioner, proceeding pro se, did not file objections to the Report by his deadline of October 14, 2026. However, on October 13, he filed a "Notice of Material Developments." See [ECF No. 17]. In his "Notice," Petitioner explained that after his September 3, 2026, hearing before an Immigration Judge, he voluntarily departed the United States and arrived in Ecuador on September 11, 2026. [ECF No. 17 at 4]. His departure is also

confirmed by two Orders [ECF Nos. 6, 8] and the Report [ECF No. 13] that have been returned to the Court by the U.S Postal Service marked "not deliverable" and "released." See [ECF Nos. 15, 16, 18].

In an abundance of caution, the Court will broadly construe Petitioner's "Notice" as an objection to the Report. When a party objects to a Report and Recommendation, the Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Longmire v. Gust, 921 F.2d 620, 623 (5th Cir. 1991)(party is "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made."). Such review means that this Court will examine the entire record and will make an independent assessment of the law. However, the Court is not required to make new findings of fact in order to conduct a de novo review, Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000), nor is it required to "reiterate the findings and conclusions of the magistrate judge." Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993). The Court also need not consider "[f]rivolous, conclusive or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. Edmond v. Collins, 8 F.3d 290, 293 (5th Cir. 1993).

The Court has reviewed the Petition [ECF No. 1] and the related filings. Petitioner acknowledges his removal in his "Notice," but appears uncertain as to what impact this development will have on his petition. [ECF No. 17 at 7]. Having considered the Report of Judge Rath, the Court adopts his findings and conclusions in full.

In his Report, Judge Rath determined, after a thorough review of the applicable law, that Zhuzhingo Roche's removal mooted these proceedings, and thus, the Court lacks jurisdiction to consider the matter. The Court agrees. "Whether a [case] is moot is a jurisdictional matter, since it implicates the Article III requirement that there be a live case or controversy." See, e.g., Francis v. Lynch, 622 F. App'x 455, 455 (5th Cir. 2015) (holding that the petitioner's challenge to the duration of his detention pending removal became moot when he was removed from the United States); see also John v. U.S. Immigration and Customs Enforcement, No. 3:25-CV-1844-B-BW, 2026 WL 569043 (N.D. Tex. Feb. 6, 2026) (dismissing ICE detainee's § 2241 petition without prejudice as moot upon evidence of his removal from the United States).

ACCORDINGLY,

IT IS, THEREFORE, ORDERED that the Report and Recommendation be, and the same hereby is, adopted as the finding of this Court. Accordingly, Zhuzhingo Roche's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 [ECF No. 1] should be dismissed without

prejudice, for lack of jurisdiction, because it is moot. Pursuant to Rule 58 of the Federal Rules of Civil Procedure, a separate judgment will be entered.

The Clerk of Court is directed to mail copies of this Order and the separate judgment to Petitioner at (1) his address of record and (2) the return address indicated on the envelope in which he mailed his Notice. *See* [ECF No. 17-1].

SO ORDERED AND ADJUDGED, this the 3rd day of November, 2026.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE